IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DENNIS ALLEN CONSTRUCTION CO., INC.                                          PLAINTIFF

v.                              Case No. 3:12-CV-03061

SECRETARY OF ARMY CORPS OF ENGINEERS,
LITTLE ROCK DISTRICT; BUZZARD ROOST HARBOR, INC.;
CHARLES W. THITOFF; PAULA K. THITOFF; and
ARVEST BANK                                                                  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Currently before the Court are Defendant Secretary of the United States Army Corps of Engineers' ("the United States") Motion to Dismiss for Lack of Jurisdiction (Doc. 7) and Brief in Support (Doc. 8) and Plaintiff Dennis Allen Construction Co., Inc.'s ("Dennis Allen") Response (Doc. 9) and Brief in Support (Doc. 10). For the reasons stated herein, Defendant the United States' Motion to Dismiss (Doc. 7) is **GRANTED IN PART AND DENIED IN PART**, and this case shall be remanded, *sua sponte*, to the Circuit Court of Baxter County, Arkansas.

**I. Background**

Plaintiff Dennis Allen first filed its Complaint (Doc. 3) on September 19, 2011, in the Circuit Court of Baxter County, Arkansas, alleging that under an oral agreement with Defendants Charles W. and Paula K. Thitoff, doing business as Buzzard Roost and/or Buzzard Roost Harbor, Inc. (collectively, "the Buzzard Roost Defendants"), Dennis Allen supplied materials and labor for a construction project from April 2, 2011 through May 27, 2011 on real property located in Mountain Home, Arkansas. At the time Plaintiff entered into the contract, the property in question was owned by Defendant the United States and leased by the Buzzard Roost Defendants. Plaintiff contends that

it performed a number of jobs on the property, including placing gravel, re-grading slopes, installing a concrete flume, culvert, and boxed inlet, and installing a structure called a "Rip Rap." (Doc. 3, p. 3). Despite making a demand for payment in the amount of $290,699.60, Plaintiff asserts it was not paid for its services and now sues for breach of contract and enforcement of its materialman's lien.

Defendant the United States removed the case to this Court on May 11, 2012. In lieu of an answer, the United States filed a Motion to Dismiss (Doc. 7) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The United States contends that the Court lacks jurisdiction due to the government's sovereign immunity, which the United States has not waived and which mandates its dismissal from this action. The United States also argues that Plaintiff has failed to state a claim upon which relief can be granted because Plaintiff's materialman's lien cannot attach to the property named in the lawsuit, as no lien can attach to property that is owned by the federal government.

Plaintiff responds that it does not seek to attach its lien to the underlying fee estate of the United States. Instead, Plaintiff seeks to attach its lien to the leasehold interest of the tenants of the property, Buzzard Roost. Further, with regard to the United States' claim of sovereign immunity, Plaintiff insists that Arkansas law requires it to name the United States as a party to this lawsuit; otherwise, Plaintiff cannot perfect its materialman's lien. According to Plaintiff, its lawsuit will have "no effect on the title or reversionary interest held by the Corps of Engineers." (Doc. 10, p. 5). Plaintiff further pleads that it seeks no damages or monetary relief from the United States, but names the government "solely for the purpose of ensuring that any foreclosure judgment on the leasehold [Plaintiff] received would be binding against all interested parties." *Id.*

**II. Legal Standard**

The Motion to Dismiss now before the Court is brought pursuant to both Rule 12(b)(1), for lack of subject matter jurisdiction, and Rule 12(b)(6), for failure to state a claim upon which relief can be granted. "A motion to dismiss for lack of jurisdiction under Rule 12(b)(1) which is limited to a facial attack on the pleadings is subject to the same standard as a motion brought under Rule 12(b)(6)." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003) (citation omitted). In ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts as true all of the factual allegations contained in a complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the non-moving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). Complaints should be liberally construed in the plaintiff's favor and "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Rucci v. City of Pacific*, 327 F.3d 651, 652 (8th Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

**III. Discussion**

Taking the facts asserted in the Complaint as true, it appears that Plaintiff and the Buzzard Roost Defendants entered into an oral contract for Plaintiff to provide materials and services to improve the property at Buzzard Roost Harbor. After Plaintiff completed its work, and its attempts to collect payment from the Buzzard Roost Defendants were unsuccessful, Plaintiff sought to file a lien against the property. As the Buzzard Roost Defendants did not own the property in question, Plaintiff sued the owner of the property, the United States, as well as the renters of the property, the

Buzzard Roost Defendants.

Under the doctrine of sovereign immunity, the United States cannot be sued without its express consent. *Miller v. Tony and Susan Alamo Foundation*, 134 F.3d 910, 915 (8th Cir. 1998). Further, "[d]istrict courts lack subject-matter jurisdiction over claims against the Government to which Congress has not consented." *Id.* at 916. There is no exception to the sovereign immunity doctrine that is applicable to the set of facts alleged by Plaintiff. It does not matter that Plaintiff describes the United States as a "nominal party" or that Plaintiff maintains it "is not seeking to interfere with the Corps of Engineers interest in the fee estate or in its reversionary interest in the leasehold." (Doc. 10, p. 5). The fact is that the United States has not waived its sovereign immunity, and because of this, it cannot be subject to suit and must be dismissed with prejudice from this action.

However, the Court observes that dismissing the United States from the lawsuit does not necessarily result in a dismissal of Plaintiff's lien claims. Even though real property owned by the government is ordinarily not subject to claims of private parties, under Arkansas law a lien may attach to the interest of a leasehold estate on a contract between the lessee and the supplier of materials and/or labor. *Dow Chemical Co. v. Bruce-Rogers Co.*, 255 Ark. 448 (Ark. 1973). Accordingly, Plaintiff may assert its lien interest against the leasehold estate of the Buzzard Roost Defendants, which rented the subject property from the government and contracted with Plaintiff for goods and services.

Plaintiff is not required to make the United States a party to its lawsuit in order to perfect its lien interest and recover against the Buzzard Roost Defendants' leasehold estate. Pursuant to Ark. Code Ann. § 18-44-123, "the parties to the contract and all other persons interested in the

controversy and in the property charged with the lien *may* be made parties to the suit" (emphasis added). Plaintiff is, therefore, not required to join the United States as a party in order to enforce its materialman's lien. However, the statute provides that "[t]hose that are not made parties shall not be bound by the proceedings" to collect on the lien. *Id.* If the United States were truly a nominal or "notice party," as Plaintiff contends, named solely for the purpose of complying with Arkansas lien law, then the United States' absence as a party to the lawsuit should not preclude Plaintiff from enforcing its lien rights against the remaining Defendants to the extent practicable under Arkansas law.

Accordingly, as the controversy between the remaining parties to the lawsuit still persists, and no basis for federal jurisdiction remains after dismissal of the United States from this action, this case shall be remanded to state court for further disposition.

**IV. Conclusion**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Secretary of the United States Army Corps of Engineers' Motion to Dismiss for Lack of Jurisdiction (Doc. 7) is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** with respect to the United States' request that it be dismissed from the case with prejudice due to its sovereign immunity. The Motion is **DENIED** in that dismissal of the United States does not mandate dismissal of Plaintiff's entire case. Arkansas law provides that Plaintiff may still enforce its lien rights against the leasehold estate of the Buzzard Roost Defendants, and the United States is not required to be a party to that enforcement action.

As Plaintiff's claims do not involve a federal question, and no diversity of citizenship exists among the remaining parties, there is no basis for this Court to retain federal jurisdiction over this

matter.  Therefore, the case is remanded to the Circuit Court of Baxter County, Arkansas, where it was originally filed, for further disposition.

   IT IS SO ORDERED this 2nd day of August, 2012.


                */s/ P. K. Holmes, III*
                P.K. HOLMES, III
                CHIEF U.S. DISTRICT JUDGE